IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE:                              )
                                    )
PHYLLIS A. CHANDLER,                )    CASE NO. 04-09291
                                    )    Chapter 7
        Debtor.                     )    Hon. Keith M. Lundin
                                    )
MICHAEL GIGANDET, TRUSTEE,          )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )    ADV. NO. 04-0824A
                                    )
GREENPOINT CREDIT,                  )
                                    )
        Defendant.                  )

# MEMORANDUM

Cross-motions for summary judgment in this adversary proceeding raise one issue: whether omission in the acknowledgment to a Tennessee deed of trust of the names of the individuals purporting to acknowledge their signatures renders the deed of trust vulnerable to the trustee in bankruptcy under 11 U.S.C. § 544(a)(3). This issue is controlled by the Sixth Circuit decision in *Gregory v. Ocwen Federal Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004). An acknowledgment to a deed of trust that omits the names of the acknowledging individuals is invalid under Tennessee law. The Plaintiff is entitled to summary judgment.

## FACTS

On July 7, 1998, the Debtor, Phyllis Chandler, and Jessie Chandler, executed a deed of trust on real property located in Portland, Tennessee.[1] The deed of trust secured a note between Jessie Chandler and BankAmerica Housing Services. The deed of trust contains the signatures of the Debtor and Jessie Chandler. The deed of trust includes this acknowledgment:

> STATE OF TENNESSEE, *Sumner* County ss:
> On this **7**[th] day of ***August, 1998,*** before me personally appeared
> [blank]
> to me known to be the person(s) described in and who executed the foregoing instrument, and who acknowledged the execution of the same to be ***their*** free act and deed. Witness my hand and official seal.
>
> My Commission Expires:      __[signature illegible]__
> 2/3/02
>
>     [notary seal]

Deed of Trust, at 8 (emphasis added to handwritten characters).

Plainly absent from the acknowledgment are the names of the Debtor and Jessie Chandler, the parties acknowledging their signatures. The deed of trust, with this acknowledgment, was recorded on September 21, 1998.

On August 2, 2004, the Debtor filed a Chapter 7 case. On December 27, 2004, the Chapter 7 trustee commenced this action to avoid the deed of trust under 11 U.S.C. § 544(a)(1), (2) or (3).

## DISCUSSION

This adversary proceeding is controlled by *Gregory v. Ocwen Federal Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004). On nearly identical facts, the Sixth Circuit held in *Biggs* that an acknowledgment to a deed of trust that omits the names of the individuals

---

[1] The parties have stipulated that the deed of trust attached to Defendant's proof of claim in Debtor's Chapter 7 case, No. 04-09291, is a true and correct copy of the deed of trust. They rely on that document as though it had been filed in this adversary proceeding. The court does likewise.

2

purporting to acknowledge their signatures is invalid under Tennessee law. As here, the acknowledgment in *Biggs* was blank where the names of the executing parties should have been written. The Sixth Circuit relied upon sections of the Tennessee Code[2] and recent authority from the Tennessee Supreme Court.[3] The court rejected a bankruptcy court decision urged by the defendant here, *Lancaster v. Boatright (In re Grable)*, 8 B.R. 363 (Bankr. E.D. Tenn. 1980).

*Grable* held that the omission of names from an acknowledgment was not fatal to a deed of trust when the acknowledgment referenced "the within named bargainor[s]" and indicated that "they" had executed the deed of trust which elsewhere identified the debtors by name. The Sixth Circuit gave this account of *Grable* in *Biggs*:

> *In re Grable*, however, misapprehends the role of an acknowledgment. To permit the names in the deed of trust to satisfy the names-in-the-acknowledgment requirement is to eliminate the acknowledgment requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who *should* appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a notary. When notaries, however, merely take pre-printed forms and purport to notarize them without stating whose signatures they have notarized and who, if anyone, appeared before them, they not only undermine the Tennessee legislature's salutary purpose in creating statutorily-approved forms but also fail to accomplish the signal reason for having an acknowledgment in the first place. Under Ocwen's reading of Tennessee law, a notary merely could notarize a statutorily-approved form—without filling in a single blank space—and that alone would suffice to satisfy the requirement. Far from being a finicky exaltation of form over substance, the requirement that the grantors' names appear on the acknowledgment is essential to giving the acknowledgment statute the modest substance that the Tennessee legislature thought it deserved.

*Biggs*, 377 F.3d at 520.

*Biggs* concluded that the defective deed of trust was avoidable by the trustee under 11 U.S.C. § 544(a)(3) as "a bona fide purchaser of real property . . . from the debtor,

---

[2] TENN. CODE ANN. § 66-26-103; TENN. CODE ANN. §§ 66-22-107 & 108; TENN. CODE ANN. § 66-22-113; TENN. CODE ANN. § 66-22-114(b).

[3] See, e.g., *Crim v. EMC Mortgage Corp. (In re Crim)*, 81 S.W. 3d 764 (Tenn. 2002); *In re Akins*, 87 S.W. 3d 488 (Tenn. 2002); *Limor v. Fleet Mortgage Group (In re Marsh)*, 12 S.W. 3d 449 (Tenn. 2000).

against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists."

This case is not distinguishable from *Biggs*. The acknowledgment is invalid under Tennessee law, making the deed of trust avoidable by a bona fide purchaser, and by the trustee under § 544(c)(3).

### CONCLUSION

Plaintiff's Motion for Summary Judgment will be granted, and Defendant's Motion for Summary Judgment will be denied in a separate order.

DATED: May 5, 2005

_____
KEITH M. LUNDIN
UNITED STATES BANKRUPTCY JUDGE

4